The next case is agenda number two, case number 1-2-3-1-8-2, People v. Gawlak. Counselor, are you ready? Proceed. Good morning, Mr. Chief Justice. Good morning, Counsel. Good morning. May it please the Court. David Franklin, Solicitor General for the people of the state of Illinois. Your Honors, the appellate court erred when it found a violation of Powell v. Alabama in this case, because the trial court here did not arbitrarily refuse to hear from counsel. Rather, its action was fully consistent with this court's neutral, generally applicable procedural regulation governing limited scope appearances. Now, I will grant that this is a somewhat unusual case, because at the circuit court level, both parties and the court were laboring under some misconceptions about the nature of the DNA testing action and its interaction with limited scope appearances. And I'll try to disentangle those as we go along. So, defendant Mr. Gawlak was convicted of predatory criminal sexual assault and aggravated criminal sexual abuse against his 10-year-old daughter. He then filed a pro se, post-conviction action. He was briefly counseled in that action with appointed counsel, assistant public defender, but he waived counsel and was pro se at the time of the relevant events here on that action. He also had a counseled Section 214.01 action with retained counsel. And then he also filed a motion, initially pro se, for DNA testing under Section 116.3. The events that led to this appeal began when counsel, Mr. Brodsky, came to a court hearing and made an oral motion for leave to enter a limited scope appearance under this court's Rule 13c.6 in the DNA testing action. This court has made clear that the DNA testing motion under Section 116.3 is a stand-alone civil action. It generates its own final appealable judgment. Is that the same thing? I want to kind of raise the issue about the language of the rule dealing with civil cases. And I know here you're saying that the various collateral attacks are controlled by civil procedure. And so, therefore, you're conceding that they're civil. I still want to ask some questions about this. After all, this case is called the People v. Golak, the people of the state of Illinois against Mr. Golak. And in each one of these petitions that he has filed, he is seeking to collaterally attack a criminal conviction. I guess my question arises from the fact that we've certainly heard a lot about limited representation, scope representation, in the context of self-represented litigants in civil cases. But you're ready to concede that this type of limited scope representation can take place in the context of a collateral attack on a criminal judgment? Yeah, we do concede that, Justice Tice. We would admit that it's confusing and there are potential traps for the unwary here. Not only is it a people case, but it keeps the criminal case number. All of these did, the 214-01, the Post-Conviction Hearing Act case, and the motion for DNA testing under Section 116-3. They all carry the criminal case number, but it's our view that just like a post-conviction action, the 116-3 action is properly viewed as a civil action under the plain language of Rule 13c-6. It is theoretically available to a litigant for his counsel to seek limited scope appearance in that kind of action. Would he, if, there's a question of course whether he's indigent here, but would an indigent defendant have a right to appointed counsel on this motion? No, I don't believe that they would. But the limited scope appearance under 13c-6 is not limited to indigent clients. I'm not saying limited scope, I'm saying, but let's say he did file this pro se. Could he ask for appointed counsel to represent him in the motion, the DNA motion? I'm not sure of the answer to that. I believe that the answer is no, but I'm happy to submit supplemental briefing on that. It certainly would be in the 214-01. The 214-01 in the PC, I think that would be the case. Let me ask you about the limited scope appearance. The counsel wasn't trying to limit his involvement in the DNA testing proceedings, is that right? Well, we don't know. Okay. So it hasn't been set forth. Right. We simply don't know whether counsel wished to limit his representation within the 116-3 action. Because he never complied with the requirements of Rule 13c-6. So Rule 13c-6 requires counsel to file a notice of limited scope appearance, which would then identify each aspect or issue or proceeding within the action that the counsel wishes to represent the client in, to which the appearance pertains. There's also a form that both lawyer and client have to sign to attest that they've entered into a written agreement describing the scope of the representation within the action. Mr. Brodsky never did any of that. He never identified the issues or proceedings within the DNA testing action on which he planned to provide representation. Now, what are we to do with the trial court's basis in this case for the decision? Because if the trial court's basis for denying the request was that Brodsky basically needed to get back to the drawing board and figure out what he wanted, either a general appearance or a 116-3 proceeding, a limited scope appearance as to some aspect of that proceeding, that would be one thing. But in this case, the trial court clearly understood that it was a request by Brodsky to represent defendant only as to the section 116-3 proceeding. And this was something defendant clearly had a right to. Nevertheless, the trial court denied the request simply because it didn't want to deal with multiple attorneys. So, what are we to do with that basis? Well, I would say a couple of things about that, Justice Thomas. First of all, the trial court can only act on the motions that are properly presented to it. And as far as the trial court here was concerned, it was acting on a motion for leave to enter a limited scope appearance. Again, as I said, that motion didn't conform to any of the requirements of Rule 13c6, so there was no indication of what issues or proceedings within the 116-3 counsel wished to participate in. But I would say further, there's no constitutional right to have counsel of choice for each individual issue within a case. So, at some point, the trial judge, who again is confronted with what appears to be, at any rate, a motion for a limited representation. Yeah, and that's where I'm having difficulty. Because based on what the trial court clearly believed it was doing, the trial court seems to have denied defendant his due process rights to be represented by retained counsel. You know, for his own reason. You know, I don't want multiple attorneys in this case. I'm not saying there isn't merit. You know, the first part of your argument as to whether this was properly brought, but I'm having difficulty in what the trial court actually did and his rationale behind it. I think there's no doubt that the trial court was under some misconceptions here. The trial court seemed to believe that the Section 116-3 DNA testing motion was part of the broader post-conviction action. In fact, the transcript appeared that he also believed that the 214-01 was somehow part of the post-conviction action. And was addressing a limited scope appearance with respect to that. But I would say this. First, as I've said, I don't think the Constitution can be read to require a trial court to discern or divine what counsel really wants as opposed to what he says he wants. But to your question about what the trial court seemed to be basing its action on. If Mr. Brodsky had entered a general appearance, which, by the way, Mr. Kaplan, counsel on the 214-01, had done. So, of course, you don't need leave of court to enter a general appearance. You just enter one. Mr. Kaplan had done that. He wrote in longhand, this is at page 1900 of the record, 214-01 action, general appearance. If that had been properly presented and the court had reached out and said, I'm not going to allow another general appearance within this broader conjuries of post-conviction proceedings because I don't want to hear from too many lawyers, that would be a different story. And we would definitely have a Powell versus Alabama issue in front of us there. Can you show us the case where there are multiple lawyers? The situation that the trial court was faced with here? One of the things I keep thinking about is the 214-01. I'll start here. What is the difference between limited scope and what we call full representation? So the lawyer who filed an appearance for 214-01 has full representation ethical obligations, right? Would we say that if he investigated the case and saw that there was a DNA issue and failed to file this type of motion that he, the 214-01 lawyer, had not provided reasonable assistance? In other words, we've got a lot of different ethical obligations trying to be worked out in this one case. Are you aware of any other case where there are multiple lawyers like this? I'm certainly not aware of any other case in which this court, or frankly any other court, has found there to be a constitutional right for the client to say, I want to have separate counsel of my choice sort of sliced up and demarcated issue by issue on a limited basis. That may not be fully responsive to your question, but I certainly am not aware of any case in which the Powell right or the analogous Sixth Amendment right in a criminal proceeding has been held to be implicated when counsel wishes to have separate representation issue by issue or proceeding by proceeding. Typically what would happen is if the client has enough means and this is their wish, they might hire a set of lawyers or a firm, who of course would be then free to make general appearances in the entire case. The ethical obligation would then run to the client with respect to all of the issues in the case. But that's not what we have here. And we don't have a situation where the trial judge had before it a general appearance and said, sorry, too many cooks spoil the broth. I'm not going to allow another lawyer in on this matter. I'm frankly not aware of a case like that either. But we would concede that that would present a Powell issue. But this case is not like that. I don't think the court should take the step of finding that there's a constitutional right to have counsel of one's choice for each discrete issue or proceeding within a case. The United States Supreme Court has made clear, again, in the analogous Sixth Amendment context for criminal cases, that the right to counsel of choice is, quote, circumscribed in several important respects. That's the language that the U.S. Supreme Court used in the Wheat case, in the Gonzales-Lopez case. It went on in Gonzales-Lopez to say that trial judges have wide latitude in balancing the right of counsel of choice against the needs of fairness and the demands of their calendars. And that was a case in which the Court 5-4 did hold that a Sixth Amendment denial of counsel of choice was structural error. So what we would emphasize is that the procedural requirements of Rule 13c6, which at least on the surface of things were applicable here, are a presumptively valid way for courts to do just that. Mr. Franklin, you're basically saying the trial judge got it wrong, or right for the wrong reason. That would be a pretty good summary. Would you agree that we wouldn't be here if the trial court had indicated the right reason because then Mr. Brodsky could perhaps avail himself of the two proper options available to him? I think we certainly wouldn't be here. But to the extent that your question is hinting at a forfeiture issue, I'll go ahead and address that, if that's all right. The burden was on Mr. Brodsky to comply with the affirmative obligations of the motion that he chose to bring, and those are the requirements of Rule 13c6. A defendant argues in this court that the state is foreclosed from arguing that there was a failure of compliance with Rule 13c6. But, of course, we're entitled to seek affirmance on any ground that's properly presented in the record. The record, I think, clearly reveals that there was no compliance, not substantial, not strict, but no compliance with Rule 13c6. But to the extent that there's a void in the record or an absence of evidence on that, that's due to Mr. Brodsky's failure to comply with those affirmative obligations. It wasn't the state's burden to contemporaneously object or to put him on notice or to require him to make a record on that. The rule requires that. So, yes, we wouldn't be here. And as far as the trial court doing the right thing for the wrong reasons, I mean, I would qualify that just to the extent of saying the reasons were somewhat tangled and confused. If there was error in the trial court's reasoning, we would want to strenuously emphasize that that error is not constitutional in nature. There may have been error in applying the relevant rules or in understanding the meets and bounds of the relevant proceedings here. But if the court were to find constitutional error here, if the court were to find a Powell violation here, I think that would call into question a lot of routine procedural steps that courts take all the time, whether it's entertaining requests for continuance so that substitute counsel can get up to speed, or routine conflict issues, or even processing Pro Hoc Vitae motions. There are a lot of circumstances in which procedural error could result in disqualification of counsel. But not all of those should be considered automatically to be Powell versus Alabama violations. And, again, our position here would be counsel was not disqualified. What the trial court said was you can come in on the entire PC action, which he understood to be an umbrella that encompassed the 214-01 and the DNA testing motion action, but I'm not going to allow this limited scope appearance. If I could speak just briefly in the remaining time to harmless error. I've already argued, of course, that there's no constitutional error here, that if there's error at all, it was error in applying the rules. And as a result of that, the structural error test is not applicable. This court should review any error under the harmless error standard. And the error here, indeed, was harmless, because the motion for DNA testing was meritless for two reasons. First, Section 116.3 applies only where identity is at issue at trial. And here it wasn't. Defendant admitted that he was with his daughter on the night in question. He admitted to touching and kissing her while dressed, at most, in his underwear. Admitted to treating her, in his words, like a wife or a girlfriend or an 18-year-old rather than the 10-year-old that she was. Admitted that she was probably telling the truth and that he was too embarrassed to admit what had happened. His only theory at trial was that the actions that he engaged in didn't rise to the level of aggravated criminal sexual abuse. If that's enough to put identity at issue, then identity is at issue in virtually every case that goes to trial, and that identity prerequisite would be rendered superfluous. A defendant also cannot show that DNA testing in this case would tend to significantly advance a claim of innocence, which is what's also required under the material relevance requirement of Section 116.3. And that's because DNA evidence was never introduced or relied on by the state in this case, and there is no DNA to test. The so-called touch DNA from the victim's clothing that the defendant says he wants to test wouldn't be probative of anything because any number of people could have innocently touched her clothing between the time when it was last washed and the time of the offense. So there's no basis for a hearing on the DNA testing issue. Thank you very much. I'd like to reserve the remainder of my time. Thank you. Good morning, Your Honors. May it please the Court. My name is Yasmin Eakin with the State Appellate Defender's Office representing the appellee Sylvester Goblock. To be clear, the issue Mr. Goblock raised on appeal was that he was denied his due process right to retain counsel to represent him on his motion for DNA testing. And to be clear, in addressing this issue, the appellate court held that under Powell v. Alabama, Mr. Goblock had a constitutional due process right to retain counsel to represent him on, quote, any matter he wished, including the DNA motion. And the court found that the circuit court arbitrarily denied Mr. Goblock this right when it refused private counsel's request to enter an appearance on the DNA motion alone. And it is this holding that we are asking the court to affirm. The State agrees that Mr. Goblock had a due process right to retain counsel to represent him on his DNA motion. And the State agrees that the reasons for denying counsel's request to enter an appearance were wrong. And the State does not seriously dispute that a complete denial of this right, which is exactly what occurred in this case, is not subject to harmless error review. And I think the issue that the State raises for the first time here, in an attempt to reframe what was the trial court's error as counsel's error for failing to enter an appearance in the proper way, specifically that counsel didn't properly, correctly enter a general appearance on the DNA motion or file proper forms under 13C6, ignores what actually happened below. And relatedly ignores that whatever justification they're coming up with now for the trial court's ruling, the consequence of the ruling was to completely deprive Mr. Goblock of his due process right to retain counsel, which is the only right to counsel that he had on his motion for DNA testing. And that's what the appellate court held. When you look at what happened below, when private counsel requested leave to appear on the DNA motion, there was no discussion of whether he had the proper paperwork under Rule 13C6. In fact, it was the prosecutor who framed it, the issue, and introduced counsel by stating, Mr. Brodsky wants to file an appearance on part of the PC petition, that being the motion for DNA testing. And Mr. Brodsky responded, I'm proposing filing a limited scope appearance under 13C6, but he said, meaning I just want to appear on the DNA motion and no other matter. And he even referred to the fact that the trial court had granted Mr. Kaplan leave to file a general appearance, or he said, quote, leave to file a limited appearance regarding the 2-1401 petition. And Mr. Brodsky asked for leave to do that or, quote, the same thing. In other words, no one understands limited scope representation. It wasn't relevant to what Mr. Brodsky was trying to do here. He said that's what he was going to be doing. And then he thinks that's what the 21401 lawyer was doing. Exactly. So nobody understood what limited scope. By limited, they meant we know that Mr. Gablock has three separate proceedings, and I know that you let another attorney represent him in that case, and I just want to do the same thing but just for the motion for DNA testing. And he was proposing, he hadn't even been granted leave to enter an appearance. He was asking for leave to enter an appearance. For all we know, he had the forms right in his hand, but the court said no. And even Mr. Gablock, the state objected, and she even said, I don't have 13C6 in front of me, but I'm going to guess that it doesn't suggest that counsel could come in on only part of the post-conviction petition. And the state now concedes. The prosecutor guessed wrong. But Mr. Gablock himself responded to the prosecutor's objection and said, okay, please, if not under Rule 13, could you just exercise your discretion like you did with Mr. Kaplan, and could you please let him represent me? And the prosecutor again objected. And this time she said, well, a limited scope shouldn't apply here because this is a criminal case, not a civil case. And the state now concedes that this objection was baseless. In fact, to this day, the state has never offered really a legitimate reason for why it was opposed to Mr. Gablock having the assistance of counsel on his DNA motion. I mean, what possible interest would it serve for him to proceed pro se in this case? I mean, how does that benefit either the state or the court in ruling on his motion? But unfortunately, despite the state's objections having no basis, the court relied on the incorrect reasoning and refused to allow Mr. Brodsky to enter his appearance on the DNA motion alone. He said it's either the PC and the DNA or nothing. That's it. You're not permitted to do so. So everyone understood that Mr. Gablock was asking to have his right to retain counsel. He was asking to have Mr. Brodsky represent him on the DNA motion alone. And the state now agrees that counsel could have done so had he filed the proper forms. But there was no mention below of whether counsel had these proper forms. There was no indication that the state or the court were even aware what 1366 was or what the procedure was under that rule. And counsel had not even reached the point of filing an appearance. He was requesting permission to do so. Under Rule 13, does it require leave of court? I don't think it does require leave of court. I think it's in the court's discretion to allow leave of court. But as the state also argues in its brief, absent prejudice to another party or delay in the administration of justice, which they're not arguing either of those grounds here, the trial court should allow an attorney to enter his appearance. The presumption is that the attorney should be allowed to represent a claim. In fact, that's completely consistent with Powell. Honestly, it doesn't matter if it's civil or criminal. That's what Powell says. Powell says, in any case, if you hire an attorney to represent you, to help you, that you should have an attorney to represent you. You should be allowed to have an attorney represent you. And I think that overall, the biggest problem with the state's argument is that they don't deal with the consequence of what the court's ruling in this case. And the consequences of the court's ruling in this case was that Mr. Goblock was completely denied his right to counsel. But even if, let's say the failure to file 13C6 forms or properly enter general appearance were really the issue in this case, despite the fact that it wasn't raised in the trial court or noncompliance wasn't raised on appeal and it's being raised for the first time here. Let's say it is. The consequences of the rule, again, that the state proposes that the trial court can properly deny a defendant, completely deny him his due process right to retain counsel is just unjustifiable under the law. As Your Honor pointed out, it's in the court's discretion to allow an attorney to appear. And on page 25 of our brief, we cite several cases showing that an attorney appear, the court allowed an attorney to appear despite the attorney's failure to file the proper appearance. And again, the state itself argues that absence of showing of prejudice or interference with the administration of justice, appearance of counsel should be accepted. And to take the positions here that it's proper to disqualify an attorney from representing his or her client, because that attorney, not the client, the attorney did not file proper paperwork, is a drastic measure that's completely out of proportion to the purported rule violation. And I think by comparison we can look to other rules of this court that govern procedures for an attorney to follow. So for instance, with Rule 604D, if an attorney fails to file a certificate or even files a deficient certificate, the defendant is not denied his right to counsel. The case is remanded for the attorney to file a new certificate. In the post-conviction context, Rule 651C operates the same way. If counsel doesn't file a certificate, the defendant is not denied his right to post-conviction counsel. In fact, the state on appeal can supplement the record with the certificate to show compliance. Or you can look to the record to see if there was compliance with the rule. The remedy that you're seeking is a remand to allow for counsel to file the motion. Right. The appellate court's relief was to remand just for a new hearing on the motion. And that would be the reasonable remedy here. If it's truly a failure to file the right forms for entering and appearance, then remand the case for a new hearing and have counsel file the right forms. Then should we address the merits of the motion? No, you shouldn't address the merits of the motion because a complete denial of counsel is a due process violation that's just simply not subject to harmless error review. But just for conversation's sake, do you think this motion has merit? In terms of whether it has merit, we disagree with the state that identity was not at issue. Identity was at issue. How was it at issue? It was at issue because Mr. Goblock contested his guilt at trial and his theory at trial was that the state had not proven his guilt beyond a reasonable doubt and his attorney argued that throughout his questioning with the police, he said he didn't do it, he didn't do it, he didn't do it. And that his daughter said he did. Well, that's an identification question? Yes, it is an identification question. And as we showed in our brief, there are several cases which show that despite the victim's positive identification of the defendants, the defendant's denial of the offense is enough to put identity at issue. In Price, people versus Price is similar, where occurrence witnesses corroborate the victim's charge that the defendant had sexually assaulted him, but the defendant maintained that they were lying and that he did not commit the offense. That is how identity is at issue here as well. And I think that the other reason that harmlessness is not applicable here is exactly because, similar to right of counsel of choice cases in the Sixth Amendment context, the effects are too hard to measure. I mean, Mr. Goblock had an expert witness to present at the hearing. He also had a letter from this expert witness who had evaluated his motion and who said that, you know, who would have been able to speak to the materiality of the evidence or the relevance of the test results that he was seeking. But the trial court wouldn't allow Mr. Goblock to present that letter. He wouldn't allow him to present testimony from his expert witness. I mean, that's another issue that we did raise below, but the court didn't have to address it, because we argued that the court had no basis for denying this. But had Mr. Goblock had an attorney to present this evidence and explain its significance, I think there's a much greater likelihood that the court would have allowed it, given that it was being offered by a skilled advocate rather than a pro se defendant. But again, a complete denial of counsel is not subject to harmless error review for several reasons. First of all, it's, as Paul explained, it's rooted in notions of due process. It's a basic element of the due process right to a hearing, and that's because a hearing has always included the right to the aid of counsel when desired and provided by the party asserting that right. And that's why Paul says, if in any case, civil or criminal, a court were arbitrarily to refuse to hear a party by counsel, which is exactly what happened here, it would be a denial of a hearing and therefore due process in the constitutional sense. This court has recognized the critical importance of the right to procedural due process in post-conviction proceedings in People v. Kitchen and Bounds. This court found that the denial of the due process right to a hearing required remand for new proceedings without consideration of the merits of the petition. And when you think about it in the post-conviction context, this court has also held that when a defendant has been denied his statutory right to the reasonable assistance of counsel on his post-conviction petition, the case is remanded for a hearing without, again, without an evaluation of the petition's merits. What we have here is worse. This is the only right to counsel Mr. Goblet had. It was a right to hire an attorney, and that was denied. And so certainly if, you know, it can be denied on the basis of unreasonable assistance, the case is remanded for a new hearing because it's so fundamentally unfair without evaluating the petition's merits. Here, where there's a complete denial of counsel, Mr. Goblet should certainly be entitled to a new hearing on his motion. And again, it is comparable to denial of Sixth Amendment right to counsel. Both involve counsel of choice. Both involve rights to counsel that are of constitutional dimension. And in fact, in Gonzales-Lopez, the court stated that the right to select counsel of one's choice has never been derived from the Sixth Amendment purpose of ensuring a fair trial. The court stated that the right to counsel of choice is regarded as the root meaning, just like in Powell, of the constitutional guarantee of counsel. And in fact, in support of that principle, it cited Powell. So the deprivation is complete when the defendant is erroneously prevented from being represented by the lawyer he wants because its effects are too hard to measure. And again, here the assistance in this case is palpable. I mean, the assistance would have been particularly helpful given the complexity of the law and science involving DNA testing. Goblet's unsuccessful attempts to present his expert witness, which as a pro se defendant, unfortunately the court ignored it when he tried to present his letter and when he tried to present the expert who was there at the hearing as a witness, the state objected and the court would not allow. So the facts here show why Mr. Goblet's right to retain counsel to a system was very important. As Powell explained, even the educated layman has small and sometimes no skill in the science of law. Counsel could have provided that guiding hand to explain to the court the legal significance of the evidence and its relevance, and in that way, counsel not only would have helped Mr. Goblet, but also the court in considering and evaluating the merits of the motion. So, Your Honors, we would say that noncompliance with Rule 13c6 was not an issue in this case. And because it was not the record below, there's really no discussion of the noncompliance with 13c6 issue. This case was certainly not, this is not the right case for addressing that issue and nor would affirming the trial court's complete denial of counsel on those grounds be the right result in this case. If there are no further questions. Counsel, on the DNA motion, meritless argument, harmless error, I understand your client says, I didn't do it. But on the identity, doesn't there have to be an issue of some other suspect? I don't. And that's important. Well, you don't have, first of all, Your Honor, you don't have to, you don't have to, the strength of the state's evidence is not a hurdle to meet in terms of the identity issue. And from people versus, for instance, the state actually in the appellate court conceded identity. And they cited people versus grant for the proposition that when a defendant denies committing the charged offense, he puts identity at issue. Now the state is claiming, as Your Honor is suggesting, that it only applies if someone else committed the crime. But in the cases that we cite, people versus Shum, people versus Price, people versus Perez, the courts did not find that identity was only at issue because the defendant could point to someone else. The court found that the identity was at issue because the defendant contested his guilt at trial. His theory was that he was being falsely accused. And based on those cases, yes, identity, he made a prima facie case in this case that identity was at issue. So in every case where the defendant pleads not guilty, he has a right to a DNA test? No, Your Honor. In fact, people versus Perez addressed this because the state actually made this argument where, okay, so in every case where the defendant contests liability, he can get DNA testing. And the court in Perez said, no, the defendant may maintain innocence liability on any number of theories aside from, you know, aside from, he's saying that he did not commit the offense. He can say, he can challenge the requisite mens rea or that the state didn't prove corpus delecti. He can raise affirmative defenses such as self-defense, mistake or consent. So identity is not automatically at issue every time a defendant contests his guilt at trial. It certainly wouldn't be an issue in those cases, but it is in this case. It's definitely an issue in this case because Mr. Godlock contested his guilt. The theory at trial was that he didn't do this. The theory at trial was that, you know, he was being falsely accused. The theory was not someone else did it? No. The theory was I didn't do this and I'm being falsely accused. That's right. And again, I would suggest that the cases that we cite support that that evidence or that theory raises a prima facie issue of identity. And I will say, too, that during his statements in the pre-sentence investigation report and at sentencing, he specifically said, I'm innocent, I did not do these offenses and I've been falsely accused. I mean, he specifically said that. And that is the theory also that he's raised alleges in his motion for DNA testing. Your time has expired. Thank you, Your Honor. Reply. Just a few points, Your Honors. First, defendant argues that this was essentially a general appearance in disguise. That argument is coming up for the first time in this court. That was not the way this motion was presented. If the trial court had understood from counsel 116.3 is a separate proceeding and I'm entering a general appearance in that proceeding just as Mr. Kaplan had done for the 214.01, then the issue that the defendant wishes to present here would have been presented. But defendant failed to make a clear record of what he was requesting. He could have made an offer of proof, for example. He didn't do that. It wasn't our burden to press him to do that below. Second, on the identity question. First of all, if this court disagrees with us and finds that there was error here, I would reiterate, we would strenuously argue that it was not constitutional error. I'm not aware of any court that's held that a rule-based error or a statutory error that results in denial of counsel on a particular issue or indeed even generally automatically constitutes a Powell violation. So there wasn't constitutional error here and for that reason, of course, our argument is there's no need for a remand to perform DNA analysis. This is not a case where there was any prejudice from that error. And it's not a case about identity or a case in which physical evidence such as DNA was ever relied upon by the state. To the question that was raised by Justice Kilbride and others about identity, the cases are clear that identity in Section 116.3 as a prerequisite to DNA testing means what its plain language suggests, people versus grant. Quote, the defendant must make prima facie showing that there was an issue at trial as to whether defendant or somebody else committed the crime. People versus Perez, which was cited by my friend on the other side. Quote, the only question is whether defendant disputed being the person who committed the crime. Defendant's theory of the case in Perez was that there had been an assault but he was not the perpetrator. People versus Price, same way. This was an inmate case, sexual assault. There were two assailants and defendant denied being the inmate who had actually committed the sexual assault. People versus Johnson from this court, same way. Defendant never admitted to being at the crime scene. People versus Shum, again, was described by this court as having facts nearly identical to Johnson. In all those cases, what's revealed is the common sense of the matter, which is that identity is at issue and DNA testing is available only where the defendant argues that somebody else committed the crime. Language in Perez about a failure of mens rea or corpus delicti, that's really not distinguishable from this case. The defendant argues, look, I know I was there. I showed some affection to my daughter. I did some things, but it doesn't rise to the level of the offense. There's no meaningful distinction between a case like that and one where a defendant argues that mens rea is absent. In both cases, identity is not the issue at trial. I think I've just got one or two additional points. Constitutional or not, when we're dealing with a right to counsel, would this court be putting form over substance if we reversed the appellate court? I don't think so. I think this court would be reiterating the basic principle that obviously is an important principle for the administration of justice. If this court did decide that there was error, of course there could be a remand. Although I would note that there's no limit on second or successive motions under Section 116.3. If the defendant or any defendant has a basis or feels that he has a basis for one, he could file another one tomorrow. Of course, if he has the means and wishes to, he could seek the assistance of counsel in that. We know that this defendant, Justice Tice, was not indigent, by the way, because he retained counsel in his 214.01 proceeding. As to your question about appointed counsel, the right to reasonable assistance in appointed counsel does apply to post-conviction proceedings under the Post-Conviction Hearing Act. It doesn't apply here under 116.3 or to the 214.01 proceeding. Although, of course, the ethical obligation of zealous advocacy applies to all counsel in all proceedings. Well, are we back to the, after the appellate court's action, are we back to that? If they have a right to file a different motion at a different time, aren't we right back to that spot? Well, that's the way 116.3 actions work. Of course, we would say that there is no basis for a 116.3 now or then. The principle that really matters to the state here and the reason why we filed a PLA is the constitutional principle. We think it would be problematic for this court to find that there's a Powell violation whenever a trial court's error happens to result in the disqualification of counsel seeking a limited scope appearance or even seeking a general appearance. If the court has no further questions, we would urge you to reverse the appellate court and affirm the judgment of the circuit court. Thank you. Thank you.